UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| BELINDA C., | § |
|                 Plaintiff, | § |
| v. | §   Case # 1:21-cv-281-DB |
| COMMISSIONER OF SOCIAL SECURITY, | §   MEMORANDUM DECISION |
|                 Defendant. | §   AND ORDER |

## INTRODUCTION

Plaintiff Belinda C. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act, and her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 12).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 9, 10. Plaintiff also filed a reply brief. *See* ECF No. 11. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 9) is **DENIED**, and the Commissioner's motion for judgment on the pleadings (ECF No. 10) is **GRANTED**.

## BACKGROUND

Plaintiff protectively filed an application for SSI on February 6, 2018, and an application for DIB on January 27, 2018, alleging disability beginning June 1, 2017, (the disability onset date), due to: (1) right hip osteoarthritis; (2) left hip pain due to total hip replacement; (3) lower

back pain; (4) abdominal pain; and (5) tachycardia. Transcript ("Tr.") 231-37, 238-39, 265. The claims were denied initially on May 21, 2018, after which Plaintiff requested a hearing. Tr. 117-32, 137-51.

On October 3, 2019, Administrative Law Judge Carl E. Stephan ("the ALJ") conducted a video hearing from Albany, New York. Tr. 10, 55-81. Plaintiff appeared and testified from Buffalo, New York, and was represented by Zachary Zabawa, an attorney. Tr. 10. Thereafter, the ALJ conducted a supplemental video hearing on February 11, 2020, attended by Plaintiff and her attorney. Tr. 10, 36-54. Marian R. Marraco, an impartial vocational expert, also appeared and testified. Tr. 10.

The ALJ issued an unfavorable decision on March 23, 2020, finding that Plaintiff was not disabled. Tr. 10-22. On December 28, 2020, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's March 23, 2020 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

(citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she

3

cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his March 23, 2020 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since March 17, 2016, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: arthritis of hips and status post replacement, back disorder, irritable bowel syndrome, and tachycardia (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)[1] except that the claimant can occasionally climb stairs/ramps, stoop, crouch, crawl, kneel, and balance but not climb ladders or scaffolds.

6. The claimant is capable of performing past relevant work as a loan processor (DOT 249.362-022, SVP 5, sedentary). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

---

[1] "Sedentary" work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

    7.   The claimant has not been under a disability, as defined in the Social Security Act, from March 17, 2016, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

Tr. 10-22.

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits protectively filed on November 17, 2017,[2] the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 22. The ALJ also determined that based on the application for supplemental security benefits protectively filed on November 17, 2017, the claimant is not disabled under section 1614(a)(3)(A) of the Act. *Id*.

## ANALYSIS

Plaintiff asserts two points of error. Plaintiff first argues that, in determining the RFC finding, the ALJ improperly evaluated the opinion of treating primary care physician Christopher Biondolillo ("Dr. Biondolillo"). *See* ECF No. 9-1 at 13-17. Plaintiff also argues that the RFC is faulty because it did not include a limitation related to her irritable bowel syndrome ("IBS"), which the ALJ found was a severe impairment. *See id*. at 17-21.

In response, the Commissioner argues that the ALJ properly evaluated Dr. Biondodillo's opinions and the other medical opinions of record, as well as the examination and treatment records and Plaintiff's reported activities, to reach an RFC finding that was supported by substantial evidence. *See* ECF No. 10-1 at 8-16. Next, argues the Commissioner, the RFC finding did not warrant IBS-related bathroom breaks as Plaintiff argues because no physician opined that Plaintiff had functional limitations due to IBS. *See id*. at 16-20. Furthermore, argues the

---

[2] The Court notes that the application dates cited by the ALJ are inconsistent with the dates documented in the record. *Compare* Tr. 10, 22 *with* Tr. 231, 238. The ALJ recites that both applications were filed on November 17, 2017 (Tr. 10, 22), but the administrative record reflects that the SSI application was filed on February 26, 2018 (Tr. 231), and the DIB application was filed on January 27, 2018 (Tr. 238).

Commissioner, other than her own allegations, Plaintiff cites to no medical evidence to support her claim that the ALJ should have fashioned a more restrictive RFC. *See id*.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record in this case, the Court finds that the ALJ thoroughly considered the evidence of record, including the opinion evidence and treatment notes documenting that Plaintiff was doing well years after her left hip was replaced in 2016, and his finding that Plaintiff's impairments did not preclude the performance of sedentary work with the noted postural limitations was supported by substantial evidence. Although Plaintiff disagrees with how the ALJ reconciled the conflicts in the evidence, she fails to demonstrate why the evidence compelled greater limitations than found by the ALJ, as was her burden. Accordingly, the ALJ's RFC determination was supported by substantial evidence.

A claimant's RFC is the most she can still do despite her limitations and is assessed based on an evaluation of all relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.945(a)(1), (a)(3); Social Security Ruling ("SSR") 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996). At the hearing level, the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. § 404.1546(c); SSR 96-5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); *see also* 20 C.F.R. § 404.1527(d)(2) (stating the assessment of a claimant's RFC is reserved for the Commissioner). Determining a claimant's RFC is an issue reserved to the Commissioner, not a medical

professional. *See* 20 C.F.R. § 416.927(d)(2) (indicating that "the final responsibility for deciding these issues [including RFC] is reserved to the Commissioner"); *Breinin v. Colvin*, No. 5:14-CV-01166(LEK TWD), 2015 WL 7749318, at *3 (N.D.N.Y. 2015), *report and recommendation adopted*, 2015 WL 7738047 (N.D.N.Y. 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion.").

Additionally, it is within the ALJ's discretion to resolve genuine conflicts in the evidence. *See Veino v Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). In so doing, the ALJ may "choose between properly submitted medical opinions." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). Moreover, an ALJ is free to reject portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record. *See Veino*, 312 F.3d at 588. Indeed, an ALJ may formulate an RFC absent any medical opinions. "Where, [] the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (internal citations and quotation omitted).

Moreover, the ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in [his] decision," because the ALJ is "entitled to weigh all the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) (the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole); *Castle v. Colvin*, No. 1:15-CV-00113 (MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept.

8, 2017) (The fact that the ALJ's RFC assessment did not perfectly match a medical opinion is not grounds for remand.).

Furthermore, the burden to provide evidence to establish the RFC lies with Plaintiff—not the Commissioner. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a); *see also Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) ("The applicant bears the burden of proof in the first four steps of the sequential inquiry . . . ."); *Mitchell v. Colvin*, No. 14-CV-303S, 2015 WL 3970996, at *4 (W.D.N.Y. June 30, 2015) ("It is, however, Plaintiff's burden to prove his RFC."); *Poupore v. Astrue*, 566 F.3d 303, 305-06 (2d Cir. 2009) (The burden is on Plaintiff to show that she cannot perform the RFC as found by the ALJ.).

Effective for claims filed on or after March 27, 2017, the Social Security Agency comprehensively revised its regulations governing medical opinion evidence creating a new regulatory framework. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15, 132-01 (March 27, 2017). Here, Plaintiff filed her DIB claim on January 27, 2018, and her SSI claim on February 26, 2018; therefore, the 2017 regulations are applicable to her claims.

First, the new regulations change how ALJs consider medical opinions and prior administrative findings. The new regulations no longer use the term "treating source" and no longer make medical opinions from treating sources eligible for controlling weight. Rather, the new regulations instruct that, for claims filed on or after March 27, 2017, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017).

Second, instead of assigning weight to medical opinions, as was required under the prior regulations, under the new rubric, the ALJ considers the persuasiveness of a medical opinion (or a prior administrative medical finding). *Id*. The source of the opinion is not the most important factor in evaluating its persuasive value. 20 C.F.R. § 416.920c(b)(2). Rather, the most important factors are supportability and consistency. *Id*.

Third, not only do the new regulations alter the definition of a medical opinion and the way medical opinions are considered, but they also alter the way the ALJ discusses them in the text of the decision. 20 C.F.R. § 416.920c(b)(2). After considering the relevant factors, the ALJ is not required to explain how he or she considered each factor. *Id*. Instead, when articulating his or her finding about whether an opinion is persuasive, the ALJ need only explain how he or she considered the "most important factors" of supportability and consistency. *Id*. Further, where a medical source provides multiple medical opinions, the ALJ need not address every medical opinion from the same source; rather, the ALJ need only provide a "single analysis." *Id*.

Fourth, the regulations governing claims filed on or after March 27, 2017 deem decisions by other governmental agencies and nongovernmental entities, disability examiner findings, and statements on issues reserved to the Commissioner (such as statements that a claimant is or is not disabled) as evidence that "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled." 20 C.F.R. § 416.920b(c)(1)-(3) (2017). The regulations also make clear that, for claims filed on or after March 27, 2017, "we will not provide any analysis about how we considered such evidence in our determination or decision" 20 C.F.R. § 416.920b(c).

Finally, Congress granted the Commissioner exceptionally broad rulemaking authority under the Act to promulgate rules and regulations "necessary or appropriate to carry out" the relevant statutory provisions and "to regulate and provide for the nature and extent of the proofs

and evidence" required to establish the right to benefits under the Act. 42 U.S.C. § 405(a); *see also* 42 U.S.C. § 1383(d)(1) (making the provisions of 42 U.S.C. § 405(a) applicable to title XVI); 42 U.S.C. § 902(a)(5) ("The Commissioner may prescribe such rules and regulations as the Commissioner determines necessary or appropriate to carry out the functions of the Administration."); *Barnhart v. Walton*, 535 U.S. 212. 217-25 (2002) (deferring to the Commissioner's "considerable authority" to interpret the Act); *Heckler v. Campbell*, 461 U.S. 458, 466 (1983). Judicial review of regulations promulgated pursuant to 42 U.S.C. § 405(a) is narrow and limited to determining whether they are arbitrary, capricious, or in excess of the Commissioner's authority. *Brown v. Yuckert*, 482 U.S. 137, 145 (1987) (citing *Heckler v. Campbell*, 461 U.S. at 466).

Here, the ALJ complied with the regulations, and contrary to Plaintiff's contention, the ALJ thoroughly considered the opinion evidence and the record to formulate an RFC that properly accounted for all of Plaintiff's credible limitations, as supported by the record.

Plaintiff first argues that the ALJ did not provide sufficient rationale for his finding that Dr. Biondodillo's opinions were not entirely persuasive. *See* ECF No. 9-1 at 13-17. As an initial matter, the Court notes that, for claims filed on or after March 27, 2017, as in this case, the opinions of treating sources are not accorded any special deference simply by virtue of their treatment relationship. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.").

On November 28, 2018, Dr. Biondolillo, rendered an opinion indicating that Plaintiff was very limited in walking, lifting, carrying, pushing, pulling bending, and climbing stairs; and was moderately limited in standing and sitting. Tr. 1301-02. Dr. Biondolillo rendered another opinion

on July 6, 2019 stating that Plaintiff's pain would frequently interfere with her concentration; she could perform low-stress jobs; she could sit for thirty to forty-five minutes at a time and about four hours total; and stand for five minutes at a time and two hours total; needed a job that permits shifting positions at will, as well as three to four unscheduled breaks during an eight-hour workday, with each break lasting an average of five minutes; she could rarely twist, stoop, crouch/squat, climb stairs, and never climb ladders; and she would be absent more than four times per month. Tr. 1424-28.

The ALJ concluded that Dr. Biondolillo's opinions were not entirely persuasive because they were inconsistent with the diagnoses, treatment records, and other objective evidence of record. Tr. 20. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) (consistency). Contrary to Plaintiff's suggestion that the ALJ's explanation was insufficient, the ALJ's decision reflects that he referred to and discussed Plaintiff's diagnoses, treatment records and other objective evidence throughout his decision. Tr. 15-19. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (supportability); *see also Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) ("[R]emand is not required where 'the evidence of record allows the court to glean the rationale of an ALJ's decision.'")); *Gladney v. Astrue*, No. 12-cv-6423P, 2014 WL 3557997, *10 (W.D.N.Y. 2014) (even where ALJ could have more fully articulated the basis for his conclusion, any such failure was harmless, where it was "possible to glean the ALJ's rationale" from a review of the entire decision). The ALJ's rationale is clear in this case. He thoroughly considered the voluminous treatment notes and reasonably determined that the record did not document or support the restrictive limitations assessed by Dr. Biondolillo.

Moreover, the ALJ noted that in contrast to Dr. Biondolillo's restrictive opinions, another of Plaintiff's treating medical sources, orthopedist Matthew Mann, M.D., FRCSC[3] ("Dr. Mann"), recommended NSAIDS, rest, ice, compression, and elevation, and advised swimming, biking, and walking for exercise instead of impact activities. Tr. 20, 932. Thus, the ALJ reasonably found that Dr. Mann's recommendation suggests that Plaintiff was able to perform physical activities, inconsistent with Dr. Biondolillo's statement that Plaintiff is unable to walk more than one to two blocks. Tr. 20. The ALJ also noted that Dr. Biondolillo's opinion was inconsistent with the overall record which reflects that Plaintiff had no difficulty ambulating. Tr. 17, 499, 631, 1109, 1139, 1247, 1316, 1432, 1438, 1442, 1476, 1880. Based on the foregoing, the ALJ explicitly discussed the supportability and consistency of Dr. Biondolillo's opinions, in light of the evidence of record as a whole.

Additionally, the ALJ properly considered the consultative opinions and prior administrative medical findings in formulating Plaintiff's RFC. First, the ALJ found persuasive the March 29, 2018 opinion of consultative examiner Despina Ishihos, D.O. ("Dr. Ishihos"), because it was generally consistent with the overall record. Tr. 18, 1196-99. State agency consulting physician opinions can constitute substantial evidence to support an ALJ's conclusions. *See Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993) (the Commissioner's regulations permit the opinions of non-examining sources to constitute substantial evidence in support of the ALJ's decision, and can even override a treating source opinion); *see also Heagney-O'Hara v. Comm'r of Soc. Sec.*, 646 F. App'x 123, 126 (2d Cir. 2016) (the ALJ correctly gave great weight to the opinion of a medical expert; even though he lacked a treating

---

[3] "FRCSC" indicates designation as a Fellow of the Royal College of Surgeons of Canada, Division of Surgery. *See* https://www.royalcollege.ca/rcsite/membership/join-the-royal-college/membership-categories-e (last visited Feb. 22, 2023).

relationship, because his opinion was consistent with the objective medical evidence in the record.); *Micheli v. Astrue*, 501 F. App'x 26, 29 (2d Cir. 2012) (finding that opinion of state agency physician provided substantial evidence to support ALJ's RFC finding).

Dr. Ishihos found that Plaintiff had a moderate restriction for prolonged ambulation, squatting, kneeling and lifting heavy weights and should avoid heights, ladders and uneven surfaces. Tr. 1199. Dr. Ishihos's opinion is also consistent with the RFC finding for sedentary work with postural limitations. *See DeRosia v. Colvin*, No. 16-CV-6093P, 2017 WL 4075622, at *20–21 (W.D.N.Y. Sept. 14, 2017) (Moderate-to--marked limitations for prolonged standing and walking was consistent with the ALJ's conclusion that the claimant could perform sedentary work); *Harrington v. Colvin*, No. 14-CV-6044, 2015 WL 790756 at *13, 14 (W.D.N.Y. Feb. 25, 2015) (finding that a medical opinion stating that claimant was "moderately" limited in sitting, standing and walking was not inconsistent with the ALJ's residual functional capacity that plaintiff could sit, stand, and walk for six hours a day); *Hammond v. Colvin*, 2013 WL 4542701 *6 (N.D.N.Y. Aug. 26, 2013) (moderate limitation in lifting is consistent with sedentary work). By contrast, Dr. Ishihos's findings are inconsistent with Dr. Biondolillo's opinions, which would preclude the performance of even sedentary work. Tr. 1301-02, 1424-28.

The ALJ also found that Dr. Ishihos's opinion was supported by her examination findings. Tr. 18, 1197-99. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ will explain how he considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding), (c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion . . . the more persuasive the medical opinion . . . will be."), (c)(2) ("The more consistent a medical

13

opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be."). Because Dr. Ishihos's opinion is supported by her examination findings and the objective medical findings discussed above, the ALJ permissibly relied on her opinion in support of the RFC finding. *See Grega v. Saul*, 816 F. App'x 580, 582-83 (2d Cir. 2020) ("[a] consultative examiner's opinion may constitute substantial evidence if otherwise supported by the record") (quoting *Mongeur*, 722 F.2d at 1039.

In further support of the RFC finding, the ALJ considered the May 21, 2018 prior administrative medical finding of state agency medical consultant J. Poss, M.D. ("Dr. Poss"), who reviewed the record and opined that Plaintiff was able to perform the equivalent of light work with occasional postural limitations and should avoid concentrated exposure to hazards. Tr. 19, 92-96. Similarly, the ALJ found unpersuasive the February 20, 2019 prior administrative medical finding of state agency medical consultant Nisha Singh, M.D. ("Dr. Singh"), who also opined that Plaintiff was able to perform light work with occasional postural limitations. Tr. 19, 1410-17.

While the ALJ found the opinions of Dr. Poss and Dr. Singh unpersuasive because they were inconsistent with the diagnoses, treatment records, and other objective evidence of record, the ALJ found greater limitations than either doctor assessed and limited Plaintiff to sedentary work (the least demanding category of work under the Commissioner's regulations) with occasional postural limitations. Tr. 19. *See Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020) (affirming where ALJ in some instances deviated from opinions to decrease the plaintiff's RFC, based on other evidence in the record); *Catalfamo v. Berryhill*, 17-CV-0496, 2019 WL 1128838, at *2 (W.D.N.Y. March 12, 2019) (rejecting argument that ALJ improperly substituted his own lay opinion where ALJ gave "little weight" to two medical opinions and

14

"impose[d] more restrictions than th[ose] two opinions suggested were necessary") (collecting cases). Based on the foregoing, the ALJ properly evaluated the medical opinion evidence, and the Court finds no error.

Furthermore, opinion evidence is only one type of evidence that an ALJ is required to consider. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e) ("we will assess the residual functional capacity based on all the relevant medical and other evidence in your case record"); 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3) (explaining that the adjudicator will assess the RFC based on all the relevant evidence in the case record); 20 C.F.R. §§ 404.1513(a)(1),(4), 416.913(a)(1),(4) (explaining that evidence that can be considered includes objective medical evidence, such as medical signs and laboratory findings; as well as evidence from nonmedical sources, including the claimant, such as from forms contained in the administrative record). In addition to properly evaluating the opinion evidence, the ALJ also relied on other objective medical evidence in the record, as well as Plaintiff's reported activities of daily living.

Here, the ALJ considered examination and treatment records documenting that Plaintiff was doing well years after her left hip was replaced in 2016. Tr. 17, 1880. In November 2017, Plaintiff was advised to take NSAIDS as needed for her complaints of right hip pain, and she was advised to swim, bike, and/or walk for exercise instead of impact activities. Tr. 932. As the ALJ also noted, while Plaintiff reported right hip pain and diagnostic imaging showed osteoarthritic changes of the right hip, treatment records from January 2020 revealed that her symptoms were managed with conservative treatment efforts. Tr. 17, 927-28, 930-31, 1880, 1889. In addition, Plaintiff's physical examination findings showed full muscle strength with full and pain-free range of motion in her hips bilaterally. Tr. 1111, 1142, 1350, 1880.

The record also shows that Plaintiff ambulated without difficulty, and she had full lower extremity strength and negative straight leg raise testing. Tr. 17, 499, 631, 1109, 1139, 1247, 1316, 1350, 1432, 1438, 1442, 1476, 1724, 1880, 1877. The record further reveals that Plaintiff's back and joints had full ranges of motion, and she had full muscle strength. Tr. 475, 487, 494, 499, 533, 552, 572, 731, 1208, 1265, 1311, 1315, 1341, 1350, 1354, 1365, 1476, 1486, 1512, 1641, 1831, 1877, 1906. Notably, in November 2018, Plaintiff told Dr. Biondolillo that she was doing well with medication for breakthrough back pain, and by February 2019, the doctor noted that Plaintiff's back pain was stable with minimal use of opiates for breakthrough pain. Tr. 1364, 1904. Dr. Biondolillo encouraged yoga and stretching. Tr. 1904.

Similarly, cardiology treatment notes show that Plaintiff reported that her episodes of tachycardia were relieved with medication (Tr. 178, 421-22, 1283-84, 1295), and her echocardiogram showing normal ejection fraction (Tr. 1522). At a February 2019 cardiology follow-up appointment, Plaintiff reported she was feeling well and had no cardiac complaints, and her cardiologist recommended regular exercise. Tr. 1520-21.

In addition to the foregoing objective medical findings, the ALJ also properly considered Plaintiff's wide-ranging daily activities in concluding that her impairments did not preclude the performance of sedentary work with postural limitations. *See* 20 C.F.R. § 404.1529(c)(3)(i) (An ALJ may consider the nature of a claimant's daily activities in evaluating the consistency of allegations of disability with the record as a whole.); *see also Ewing v. Comm'r of Soc. Sec.*, No. 17-CV-68S, 2018 WL 6060484, at *5 (W.D.N.Y. Nov. 20, 2018) ("Indeed, the Commissioner's regulations expressly identify 'daily activities' as a factor the ALJ should consider in evaluating the intensity and persistence of a claimant's symptoms.") (citing 20 C.F.R. § 416.929(c)(3)(i)); *Poupore*, 566 F.3d at 307 (claimant's abilities to watch television, read, drive, and do household

chores supported ALJ's finding that his testimony was not fully credible). In reports and testimony before the agency and at her consultative examinations, Plaintiff, who lived alone, admitted that she attended to her personal care and performed chores such as cooking, cleaning, and shopping, and was able to take public transportation. Tr. 13-14, 18- 19, 1192-93, 1197. Plaintiff also socialized, enjoyed listening to music, dancing, reading, and doing interior design. Tr. 19, 1193, 1197.

In sum, the overall medical and nonmedical evidence, including the objective medical findings, assessments from a consultative examiner and two state agency medical consultants, as well as Plaintiff's ability to engage in a range of daily activities, supports the ALJ's RFC finding that Plaintiff was capable of sedentary work with the noted postural limitations. Accordingly, substantial evidence supported the ALJ's RFC finding.

Plaintiff also contends that the RFC finding is erroneous because it did not include bathroom breaks related to her IBS. *See* ECF No. 9-1 at 17-21. According to Plaintiff, although the ALJ properly found her IBS was a severe impairment, he failed to include any limitation in the RFC for additional bathroom breaks, "despite Plaintiff['s] testimony of frequently having to use the bathroom and the consultative examiner noting that diarrhea could interfere with Plaintiff's routine. Contrary to Plaintiff's assertion, no consultative examiner stated that "diarrhea could interfere with Plaintiff's routine." *See* Tr. 1190-94, 1196-99. In fact, no physician opined as such. Indeed, Plaintiff cites to no medical evidence in support of her claim that the ALJ should have fashioned a more restrictive RFC. While Plaintiff cites to her own IBS-related allegations in support of her argument that the RFC should have contained a limitation related to bathroom use (*see* ECF No. 9-1 at 19-21), a claimant's own statements are insufficient to establish

disability. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a) ("statements about your pain or other symptoms will not alone establish that you are disabled").

As the ALJ noted, Dr. Biondilillo opined that Plaintiff required three to four unscheduled breaks lasting up to five minutes each (Tr. 20, 1426), but Dr. Biondilillo did not explain why the breaks were necessary. Accordingly, the ALJ was not required to make any specific findings regarding bathroom breaks because no medical opinion supported such a finding. *See Bowen v. Comm'r of Soc. Sec.*, No. 19-CV-00420, 2020 WL 2839318, at *4-5 (W.D.N.Y. June 1, 2020) (denying plaintiff's motion to remand where plaintiff had IBS and argued that the ALJ erred in not making specific findings regarding bathroom breaks, but "no physician [ ] opined that [p]laintiff requires any additional access to toilet facilities" and the "ALJ reasonably concluded that Plaintiff's allegations concerning the severity of his symptoms were not supported by evidence in the record"); *Poupore*, 566 F.3d at 307 (finding plaintiff's subjective complaints were insufficient to establish a disability where they were unsupported by objective medical evidence).

As the ALJ observed, Plaintiff's gastrointestinal issue improved over time with medication and probiotics. Tr. 18, 1904. Substantial evidence supports this finding. In August 2018, Plaintiff's gastroenterologist observed that Plaintiff had "robust improvement" since completing a course of antibiotics. Tr. 1446. In December 2018, Plaintiff told her doctor her stool was soft and formed, and her doctor assessed her diarrhea as "resolved." Tr. 1452, 1454, 1726, 1728. In April and May 2019, Plaintiff reported having only one to two bowel movements per day. Tr. 1456, 1459, 1479, 1730, 1733. Although the record reflects that Plaintiff went to the emergency department ("ED") in September 2019 complaining of abdominal pain and diarrhea, ED staff observed that she was pain free, her labs were unremarkable, and after eating a sandwich, she "experienced no episodes of diarrhea in 4 hours of ED observation." Tr. 1818. In October

2019, she had no complaints at her annual physical examination, and in November 2019, she reported gastrointestinal improvement with medication and probiotics. Tr. 1897, 1906. Plaintiff also did not report any gastrointestinal issues at a January 2020 visit to her primary care provider. Tr. 1895-96.

As previously noted, Plaintiff bears the ultimate burden of proving that she was more limited than the ALJ found. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) ("Smith had a duty to prove a more restrictive RFC, and failed to do so."); *Poupore*, 566 F.3d at 306 (it remains at all times the claimant's burden to demonstrate functional limitations, and never the ALJ's burden to disprove them). While Plaintiff may disagree with the ALJ's conclusion, Plaintiff's burden was to show that no reasonable mind could have agreed with the ALJ's conclusions, which she has failed to do.

For all the reasons discussed above, the Court finds that substantial evidence in the record supports the ALJ's RFC finding. When "there is substantial evidence to support either position, the determination is one to be made by the fact-finder." *Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. Feb. 15, 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). The substantial evidence standard is "a very deferential standard of review – even more so than the 'clearly erroneous' standard," and the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would *have to conclude* otherwise." *Brault*, 683 F.3d at 448 (emphasis in original). As the Supreme Court explained in *Biestek v. Berryhill*, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is **DENIED**, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court will enter judgment and close this case.

**IT IS SO ORDERED**.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE